981 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joshua Odomanwen EDIGIN, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70450.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1992.*
Decided Dec. 8, 1992.
 
 Before JAMES R. BROWNING, DAVID R. THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edigin, a permanent resident alien, was convicted of fraudulent use of an access device, 18 U.S.C. § 1029(a)(2), for drawing $1,357.18 in fraudulent checks against two credit cards. Consequently deportation proceedings were instituted against him. Edigin sought discretionary relief from deportation under § 212(c) of the Immigration and Nationality Act (INA), and now petitions for review of the BIA denial. We affirm.
 
 
 3
 Although Edigin's only criminal conviction is for the $1,357 credit card fraud, the immigration judge based his decision in significant part on a "pre-plea report" by a probation officer for Contra Costa County, California, relating to a perjury charge for which Edigin evidently was not convicted. The report alleges more substantial and extensive criminal conduct, in the nature of a continuing scheme of fraud by a "Nigerian fraud ring." Edigin's attorney objected to admission of the report before the IJ, claiming surprise and inadmissible and unsubstantiated hearsay, and raised the issue in his appeal to the BIA.
 
 
 4
 The BIA did not reach the issue of admissibility of the report, because it decided that denial of 212(c) relief "is warranted even without consideration of the contents of this report." The only substantial equity Edigin had to balance against his single criminal conviction for the credit card fraud was the birth of his daughter, between the IJ's decision and the BIA decision. The BIA balanced Edigin's "minimal equities against the adverse factors of his criminal conviction and lack of rehabilitation" and concluded that he had not demonstrated that he merited a waiver. The "lack of rehabilitation" was based on his "tendency to make excuses for the criminal behavior which led to his conviction and the relatively short time since his conviction." The BIA took into account that Edigin had been a lawful permanent resident for only eight years, and his family, except for the newly born daughter, all lived in Nigeria.
 
 
 5
 Section 212(c) waivers of deportation are available at the discretion of the Attorney General. We review denials of § 212(c) relief for abuse of discretion. Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991). We may set aside the BIA determination if the Board fails to support its conclusions with a reasoned explanation based upon legitimate concerns. Id.
 
 
 6
 We need not make a determination whether the IJ erred in considering the probation report. The BIA explicitly did not rely on the report, so any erroneous reliance by the IJ is immaterial. We review the BIA's decision, not the Immigration Judge's. See Rodriquez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988). We deny Edigin's motion to delete the report from the record, because it is properly part of the record on appeal under Fed.R.App.P. 17(b); however, since the BIA did not base its decision on the report, we do not consider the report either, so it is immaterial.
 
 
 7
 This case is closer than the general run of petitions for review of denials of 212(c) relief, because Edigin's crime, a $1357 credit card fraud, is less serious than the narcotics sales which underlie so many of the cases. Edigin's equities are not especially strong, but the crime against which they are balanced is less grave than these.
 
 
 8
 We have carefully studied the BIA decision and the record, and we must conclude that the BIA decision is a reasoned explanation based on legitimate concerns. It carefully tracks the factors enunciated in In re Marin, 16 I & N 581 (1978). It is a particularized examination of the equities in Edigin's case. The decision is not boilerplate, and it is not arbitrary. Reasonable people might differ on the relative weight to be accorded to the positive and negative factors. For example, the BIA said, regarding Edigin's child, that "[w]hile his separation from her would be unfortunate, the effect is lessened by her very young age." Different people might perform this weighing with different results, but the BIA's result is not irrational. Edigin does not claim to be married to an American citizen, and his immediate family members except for the daughter are in Nigeria. We can see nothing capricious or unreasonable about the approach and weighting made by the Board in this case.
 
 
 9
 The BIA order is AFFIRMED and the petition for review is DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3